IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| SUSAN R. PARKS, wife and next of kin of Timothy Glen Parks, deceased, and Executor of the Estate of Timothy Glen Parks, deceased,<br>    Plaintiff,<br><br>vs.<br><br>ARIENS COMPANY, a Wisconsin Corporation and GRAVELY COMPANY, a wholly owned subsidiary of Ariens Company,<br>    Defendants. | CIVIL ACTION<br>No. 14-cv-4005-MWB<br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

**COMPLAINT**

COMES NOW the Plaintiff Susan R. Parks, Executor of the Estate of Timothy Glen Parks, who has claims for relief against the Defendants, and alleges and states as follows:

**I.   JURISDICTION AND PARTIES**

1. Plaintiff Susan R. Parks, is the duly appointed Executor of the Estate of Timothy Glen Parks, and was appointed as such by the District court of Iowa, in and for Plymouth County, on August 20, 2013, in Probate Case Number ESPR018691. She brings this action pursuant to Iowa Code § 613.15 for the wrongful death of Timothy Glen Parks and for the exclusive benefit of his survivors.

2. Additionally, Plaintiff brings this action on behalf of said estate as a survivor's action pursuant to Iowa Code § 611.20.

1

3. The Estate of Timothy Glen Parks by Executor, Susan R. Parks, is a resident and domiciliary of Plymouth County, State of Iowa where Timothy Glen Parks was a resident and domiciliary at the time of his untimely death.

4. The Defendants are all corporations that are neither domiciled, nor residents of the State of Iowa. Jurisdiction is based on diversity of citizenship arising under 28 U.S.C. §§ 1332 and 1441.

5. Plaintiff as the Executor of the estate, has incurred injuries, damages, and losses in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs as a result of the acts of the Defendants or one or more of them.

## II. ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

6. Plaintiff incorporates as if fully rewritten herein all prior allegations in paragraphs 1 through 5.

7. Timothy Glen Parks sustained personal injuries resulting in his death on June 3, 2013, while operating a Gravely Promaster zero turn radius lawn tractor (hereinafter referred to as Gravely ZTR) model number *992044*.

8. On June 3, 2013, Mr. Parks was operating the Gravely ZTR, when the lawn tractor rolled over and came to a rest on top of Mr. Parks pinning him underneath the Gravely ZTR lawn tractor, causing personal injuries, emotional distress, and death to Mr. Parks.

9. Mr. Parks died as a result of asphyxiation from being pinned under the Gravely ZTR lawn tractor.

2

10. The lawn tractor was designed, manufactured, and sold by one or more of the Defendants without a rollover protection system (ROPS) (a.k.a. a safety frame system).

11. Before this lawn tractor was manufactured, other tractor manufacturers were concerned about inevitable rollover of their tractors and the consequences to operators. As such, they equipped their tractors with safety frame systems in order to protect operators in the event of rollover, regardless of the cause.

12. Safety frame systems were first installed on tractors manufactured by tractor manufacturers in the United States in the mid 1960's.

13. Safety frame systems were installed because of the toll of deaths and injuries caused from tractor rollovers in normal use.

14. The rollover of the Defendants' lawn tractors was reasonably foreseeable because tractors of every shape, size, and description including ZTR lawn tractors are designed to operate over uneven terrain and have rolled over ever since their existence.

15. Tractors designed to travel over uneven surfaces will continue to rollover as long as the law of gravity exists.

16. Defendants or one or more of them knew when they sold this lawn tractor that it could be subject to a rollover, yet they chose not to protect the operator with a safety frame system installed as standard equipment should such a rollover occur.

17. Safety frame systems are designed to, and do, protect operators from death and permanent injury regardless of the cause of the rollover.

3

18. The protective qualities of safety frame systems were known by the Defendants, and they chose not to install one as standard equipment, or to exercise reasonable efforts to have its dealers install safety frame systems on its used machines taken in trade by its dealers that were already safety frame compatible.

19. Once safety frame systems began to be installed on tractors by manufacturers, deaths and serious injuries virtually ceased in tractors so equipped when tractors rolled over.

20. By 1985, most United States tractor manufacturers began installing safety frame systems on tractors as standard equipment.

21. By the early 1990's increasing numbers of zero turn lawn tractors were equipped with safety frame systems either installed by manufacturers as standard equipment or offered as an option.

22. As a result of failure to manufacture, equip, or offer safety frame systems as standard equipment for this model of lawn tractor, and/or its failure to adequately warn dealers and/or purchasers of the need to install a safety frame system, the lawn tractor lacked reasonable crashworthiness and Timothy Glen Parks suffered enhanced injuries resulting in his untimely death.

23. As a direct and proximate result of the actions of the Defendants or one or more of them, and wrongful death of Timothy Glen Parks, Mr. Parks' estate and beneficiaries have incurred necessary and reasonable funeral expenses.

24. As a direct and proximate result of one or more of Defendants' actions, Mr. Parks suffered pain, suffering, and emotional distress.

25. Mr. Parks' heirs have suffered pain, shock, and mental anguish from the time of his death, and for the balance of their respective lives, and/ or loss of services and loss of income all to their damage in excess of Seventy-Five Thousand Dollars ($75,000.00).

26. Timothy Glen Parks suffered severe pain, fright, emotional anguish, and mental anguish before his death from multiple organ failures and/or other causes as a result of the lawn tractor rolling over on top of him, trapping him underneath, and causing him to be asphyxiated.

27. The actions of the Defendants, or any one or more of them, in choosing not to install the same as standard equipment, or to adequately encourage its dealers to install safety frame systems on its lawn tractors taken in trade and/ or adequately warn owners of machines without safety frame systems to install same as otherwise pled in these paragraphs, constituted a willful and wanton disregard for the rights and safety of others and caused actual damage to the Plaintiff in a sum to be determined to be reasonable by the trier of fact.

### III. FIRST CAUSE OF ACTION – STRICT LIABILITY

28. Plaintiff incorporates as if fully rewritten herein all prior allegations in paragraphs 1 through 27.

29. Defendants or one or more of them designed, manufactured, and/or sold and/or assumed liability for the manufacture of the lawn tractor in question.

30. Defendants or one or more of them were engaged in the business of manufacturing, selling, and/or distributing the lawn tractor in question.

5

31. The lawn tractor was defective and unreasonably dangerous at the time of sale for multiple reasons, including, but not limited to, the lack of a safety frame system and lack of crashworthiness the result of which made the lawn tractor defective and unreasonably dangerous to a person who used or might reasonably be expected to be affected by the lawn tractor.

32. The lawn tractor was also unreasonably dangerous because of inadequate warnings including, but not limited to, the failure to adequately warn dealers, buyers, and users of the need for a safety frame on the lawn tractor including the need to retrofit same on lawn tractors that did not have same installed as original equipment.

33. Timothy Glen Parks was a person who used the lawn tractor in the manner for which it was intended, and in a manner reasonably foreseeable by the Defendants or any one or more of them.

34. The lawn tractor was expected to and did reach Timothy Glen Parks without substantial change in its condition.

35. As a direct and proximate result of the acts complained of herein, Plaintiff and Timothy Glen Parks and his heirs suffered injuries, damages, and losses as previously alleged.

## IV. SECOND CAUSE OF ACTION – NEGLIGENCE

36. Plaintiff incorporates as if fully rewritten here in all prior allegations in paragraphs 1 through 35.

37. Prior to June 3, 2013, the Defendants or any one or more of them were involved in the design, development, assembly, manufacture, testing,

inspection, packaging, promotion, advertising, marketing, sales, and distribution of such lawn tractors, including the Gravely Promaster model number *992044*.

38. The Defendants or any one or more of them were negligent by failing to exercise reasonable care including but not limited to:

    a. Failing to equip the lawn tractor with a safety frame system as standard equipment and in not giving the purchasers adequate warnings of the reasons and need for purchasing a safety frame system as part of the original sale or to retrofit or warn dealers and or purchasers to install the lawn tractor with safety frame systems if the machine was taken in on trade;

    b. Failing to give adequate post-sale warnings of the need to install a safety frame system;

    c. Failing to give adequate warnings before the time of the sale of the need to purchase a safety frame system for the lawn tractor;

    d. Failing to make the lawn tractor crashworthy for foreseeable rollover accidents by installing a safety frame system thereon which was an existing alternative safe design practicable under the circumstances;

    e. Failing to adequately warn its dealers and buyers of the need to purchase and install safety frame systems on lawn tractors ordered and/or taken in trade.

39. The Estate of Timothy Glen Parks and his heirs had injuries, damages, and losses caused by the negligence of Defendants, or any one or more of them,

while the lawn tractor was being used in a manner that the Defendants, or any one or more of them, should reasonably have expected.

**WHEREFORE,** Plaintiff prays that this Court grant Plaintiff all available relief against Defendants or in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for the Estate, actual damages as determined by the trier of fact, reasonable punitive damages as determined by the trier of fact, plus attorney fees, pre and post judgment interest, costs, and such other further relief which the Court deems appropriate.

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMAND MADE**

**Trial by jury is demanded on all issue for which a jury trial is available.**

Respectfully submitted this 16th day of January, 2014.

        Respectfully Submitted,

        BERENSTEIN, MOORE, HEFFERNAN,
        MOELLER & JOHNSON, L.L.P.

BY:   /s/Jason Gann
        Jason Gann
        300 U.S. Bank Building
        501 Pierce Street, Suite 300
        Sioux City, Iowa 51101
        P: (712) 252-0020
        F: (712) 252-0656
        jgann@berensteinlawfirm.com
        ATTORNEYS FOR PLAINTIFF

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)  
C14-4005-MWB

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Susan R. Parks, wife and next of kin of Timothy Glen Parks, deceased, and Executor of the Estate of Timothy Glen Parks, deceased.

### DEFENDANTS
Ariens Company, a Wisconsin Corporation and Gravely Company, a wholly owned subsidiary of Ariens Company

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: **Plymouth**  
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: **Calumet, WI**  
(IN U.S. PLAINTIFF CASES ONLY)  
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  
Jason Gann, Berenstein, Moore, Heffernan, Moeller & Johnson, LLP, 501 Pierce St. Ste. 300, Sioux City, IA 51101 (712) 252-0020

ATTORNEYS (IF KNOWN)  
unknown

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**TORTS - PERSONAL INJURY:** ☒ 365 Personal Injury - Product Liability

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding

## VI. CAUSE OF ACTION
personal injury product liability filed and based on diversity of citizenship, 28 U.S.C. §§1332 and 1441

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  
DEMAND $ **$75,000.00**  
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
JUDGE ___ DOCKET NUMBER ___

DATE: January 15, 2014  
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY  
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

Case 5:14-cv-04005-MWB   Document 1   Filed 01/15/14   Page 1 of 1

Case 5:14-cv-04005-MWB   Document 2   Filed 01/16/14   Page 9 of 9